IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SHERRIE WILSON,

           Petitioner,

      v.                                Case No. 3:23-cv-00117-JMK

BRANDON JONES,
Superintendent,
Hiland Mountain Correctional Center,

           Respondent.

## ORDER REGARDING SECTION 2254 PROCEEDING

On May 19, 2023, Sherrie Wilson, a self-represented prisoner ("Petitioner"), filed a hand-written[1] habeas petition under 28 U.S.C. § 2254 ("Petition").[2] The Court notified Ms. Wilson that her filing was deficient because she did not pay the filing fee or file an application to waive prepayment of the filing fee.[3] On June 12, 2023, Petitioner submitted the filing fee[4] with another petition under 28 U.S.C. § 2254 for the same underlying criminal case (3AN-09-04793CR). The second petition was inadvertently docketed as Case No. 3:23-cv-00127-JMK.[5] The Clerk of the Court sent Petitioner the Court's Voluntary Dismissal form and understands

---

[1] A petition under 28 U.S.C. § 2254 must be in the form provided by the clerk of court. *See* Local Habeas Corpus Rule 2.1(a)(1). The Court will provide 60 days leave to file an amended Petition on the Court's form.

[2] Docket 1.

[3] Docket 2.

[4] Receipt number 100020298.

[5] Docket 1, Case No. 3:23-cv-00127-JMK.

Petitioner will voluntarily dismiss her second petition at 3:23-cv-00127-JMK. The filing fee was applied to this case on June 30, 2023.[6]

On July 24, 2023, Ms. Wilson sent a letter to the Court. The only appropriate way to communicate with the Court is by filing a written pleading or motion that complies with the applicable rules of civil procedure. The Court will not consider requests, facts, or allegations included in a letter. Further, any claims outside the core of habeas corpus must be filed as a separate civil action.[7]

The Court takes judicial notice[8] of Petitioner's underlying criminal conviction in *State of Alaska v. Wilson,* Case No. 3AN-09-04793CR.[9] Petitioner was sentenced on May 3, 2011 and is currently incarcerated at the State of Alaska's Department of Corrections ("DOC") facility, Hiland Mountain Correctional Center.[10] On June 21, 2011, Petitioner filed a petition with the state trial court for post-conviction relief in connection with her criminal case at Alaska Superior Court Case

---

[6] *See* Docket Entries on June 26, 2023, and June 30, 2023.

[7] See *Nettles v. Grounds,* 830 F.3d 922, 934 (9th Cir. 2016) ("[I]f a state prisoner's claim does not lie at 'the core of habeas corpus' . . . it may not be brought in habeas corpus but must be brought, 'if at all,' under [42 U.S.C.] § 1983") (internal citations omitted).

[8] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201(b)(2).

[9] *State of Alaska v. Wilson,* 3AN-09-04793CR. Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[10] Docket 1.

3:23-cv-00117-JMK, *Wilson v. Jones*
Order Regarding Section 2254 Proceeding
Page 2 of 6
Case 3:23-cv-00117-JMK   Document 4   Filed 08/01/23   Page 2 of 6

No. 3AN-09-04793CR.[11] On November 19, 2018, the Alaska Superior Court denied Petitioner's petition for post-conviction relief.[12] On May 13, 2019, Petitioner appealed to the Alaska Court of Appeals.[13] The Alaska Court of Appeals affirmed the Alaska Superior Court's decision on April 13, 2022.[14] On May 12, 2022, Petitioner appealed to the Alaska Supreme Court at Case No. S18417.[15] Petitioner's Alaska Supreme Court case was closed on November 3, 2022, and Petitioner timely filed her Petition with this Court.[16]

Pursuant to Local Habeas Corpus Rules 1.1 and 4.1 and Rules 4, 5, and 8(b) of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts,

**IT IS HEREBY ORDERED:**

---

[11] *In the Matter of: Wilson, Sherrie I v. State of Alaska EAA,* 3AN-11-08618CI. The Court notes that Petitioner also filed for post-conviction relief in June 2014 at 3AN-14-07228CI. She appealed to the Alaska Court of Appeals at Case No. A-12458. She filed again for post-conviction relief in May 2023. It appears Petitioner voluntarily dismissed her 2023 petition on May 1, 2023. *See Wilson v. State of Alaska PRR,* Case No. 3AN-23-06082CI. Petitioner filed a direct appeal of her criminal case in 3AN-09-04793CR. The Court of Appeals denied Petitioner's appeal as untimely on April 16, 2019. *See Wilson v. State of Alaska,* Court of Appeals Case No. A-13397. Petitioner then filed a petition in the Alaska Supreme Court for a hearing. The Alaska Supreme Court denied the hearing. *See Wilson v. State,* Alaska Supreme Court Case No. S-17437.

[12] *In the Matter of: Wilson, Sherrie I v. State of Alaska EAA,* 3AN-11-08618CI, Docket 11/19/2018 (Petition or Application Denied. Case Closed.).

[13] *In the Matter of: Wilson, Sherrie I v. State of Alaska EAA,* 3AN-11-08618CI, Docket 05/13/2019 (Appeal Filed in the Court of Appeals Case No. A-13318).

[14] *Wilson v. State,* Court of Appeals Case No. A-13318.

[15] *Wilson v. State,* Alaska Supreme Court Case No. S-18417.

[16] *Copeland v. Ryan,* 852 F.3d 900, 903 (9th Cir. 2017) ("The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on § 2254 habeas petitions. 28 U.S.C. § 2244(d).").

3:23-cv-00117-JMK, *Wilson v. Jones*
Order Regarding Section 2254 Proceeding
Page 3 of 6
Case 3:23-cv-00117-JMK   Document 4   Filed 08/01/23   Page 3 of 6

1. This matter will not be referred to a Magistrate Judge under Local Magistrate Rule 4(4). Instead, this case will remain assigned to the District Judge.

2. The Clerk of Court is directed to serve the Section 2254 petition at Docket 1 and this Order on:

>Tamara E. DeLucia, Solicitor General
>Office of Criminal Appeals
>310 K Street, Suite 702
>Anchorage, AK  99501

3. By agreement between the Court and the Office of Criminal Appeals, the Office of Criminal Appeals will accept service on behalf of the respondent (the "Government"). Once an attorney is assigned to this case by the Office of Criminal Appeals, that attorney shall file a notice of appearance on or before **14 days** from service of this order.

4. The Criminal Justice Act (CJA) authorizes the Court to appoint an attorney for a person filing a Section 2254 petition who cannot afford an attorney. Within **30 days of the date of this order,** Petitioner must file either: (1) a request for court-appointed counsel on the enclosed Motion for Appointment of Counsel with a completed Financial Affidavit, or (2) a Notice of Intent to Proceed Without Counsel and represent herself.

5. **Within 60 days** from Petitioner's Notice of Intent to Proceed without Counsel or the Court's order on Petitioner's Motion for Appointment of Counsel,

3:23-cv-00117-JMK, *Wilson v. Jones*
Order Regarding Section 2254 Proceeding
Page 4 of 6
Case 3:23-cv-00117-JMK   Document 4   Filed 08/01/23   Page 4 of 6

Petitioner—or her representative—must file an amended Section 2254 petition on the Court's form.[17]

6. The Office of Criminal Appeals shall file an Answer within **60 days** from the date of service of an amended petition. Under Rule 5(b) of the Rules Governing Section 2254, the Answer should address the allegations of the Petition, and, in addition, state whether any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. The Office of Criminal Appeals must also supplement the Answer with appropriate copies of transcripts, affidavits, and a memorandum of points and authorities material to the issues raised.[18]

7. Petitioner—or her representative—may file a reply to the Answer within **21 days** of service of the Respondent's Answer.

8. There shall be no further briefing on the petition unless ordered by the Court.

9. The Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing **within 30 days** after the date the Respondent files a response. A motion for an

---

[17] *See* note 1.

[18] Rule 5(c), Rules Governing Section 2254 and 2255 Cases.

3:23-cv-00117-JMK, *Wilson v. Jones*
Order Regarding Section 2254 Proceeding
Page 5 of 6
Case 3:23-cv-00117-JMK   Document 4   Filed 08/01/23   Page 5 of 6

evidentiary hearing must contain a clear and concise statement of the necessity of the hearing, including why the evidence in the record is not sufficient.[19]

10. No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a United States District Judge or Magistrate Judge of this Court about the merits of this action. If an attorney is appointed to represent Petitioner, all communication with the Court on behalf of Petitioner must only be made through filings by her representative.

11. The Clerk of Court is directed to send: (1) Motion for Appointment of Counsel (form PS08); (2) Financial Affidavit (form CJA 23); (3) Notice of Intent to Proceed Without Counsel (form PS18); (4) Prisoner's Motion Form (form PS15); (5) the Court's Writ of Habeas Corpus Form (AO2254) with the words "First Amended" added at the top; and (6) Notice of Voluntary Dismissal (PS 90) with this Order.

DATED this 1st day of August, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[19] *See* District of Alaska Local Habeas Rule 8.1.

3:23-cv-00117-JMK, *Wilson v. Jones*
Order Regarding Section 2254 Proceeding
Page 6 of 6
Case 3:23-cv-00117-JMK   Document 4   Filed 08/01/23   Page 6 of 6