IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SHERRIE WILSON,

               Petitioner,

      v.                                Case No. 3:23-cv-00117-JMK

BRANDON JONES,

               Respondent.

**ORDER GRANTING MOTION FOR COURT APPOINTED COUNSEL**

    Sherrie Wilson, a self-represented prisoner ("Petitioner"), filed a hand-written[1] petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition").[2] Ms. Wilson seeks to challenge her criminal conviction in *State of Alaska v. Wilson*, Case No. 3AN-09-04793CR.[3] On August 1, 2023, the Court ordered the Clerk to serve the petition on the Alaska Office of Criminal Appeals and provided Ms. Wilson 30 days to file a request for court appointed counsel or a notice of her intent to represent herself.[4] On August 22, 2023, Ms. Wilson filed another hand-

---

[1] A petition under 28 U.S.C. § 2254 must be in the form provided by the Court. *See* Local Habeas Corpus Rule 2.1(a)(1).

[2] Docket 1.

[3] *State of Alaska v. Wilson*, Case No. 3AN-09-04793CR. *See also In the Matter of: Wilson, Sherrie v. State of Alaska,* Case No. 3AN-11-08618CI (post-conviction proceedings). Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[4] Docket 4.

written habeas petition regarding the same underlying criminal case.[5] The Court ordered Dockets 10-12 be filed in this case to preserve the record.[6] The Court now grants the Motion for Appointment of Counsel at Docket 11.

The Motion for "New Factual Evidence" at Docket 9 and Motion for "Acquittal" at Docket 10 are premature and procedurally noncompliant. Therefore, both motions are denied. The Court will decide the merits of this case after briefing from the parties in accordance with the schedule below.

**THEREFORE, IT IS HEREBY ORDERED:**

1. The Motions at Dockets 9–10 are **DENIED.**

2. The Criminal Justice Act (CJA) authorizes the Court to appoint an attorney for a person filing a Section 2254 petition who cannot afford an attorney.

3. The Motion for Court Appointed Counsel at Docket 11 is **GRANTED.**

4. Within **45 days** of the date of this order, the Federal Public Defenders shall designate counsel from the CJA Panel or the FPD to represent Ms. Wilson on this petition. Once designated, appointed counsel will immediately file a notice of appearance.

---

[5] *See Wilson v. Jones,* Case No. 3:23-cv-00117-JMK. The Court notes Ms. Wilson also has voluntarily dismissed two additional petitions regarding the same underlying criminal case. *See Wilson v. Jones,* Case No. 3:23-cv-00127-JMK, Dockets 3-4; *see also Wilson v. State of Alaska,* 3:23-cv-00181-JMK, Docket 11.

[6] See Docket 8.

3:23-cv-00117-JMK, *Wilson v. Jones*
Order Appointing Counsel
Page 2 of 4
Case 3:23-cv-00117-JMK   Document 12   Filed 10/06/23   Page 2 of 4

5. Counsel for Ms. Wilson shall review the record, confer with her, and file either: (1) an amended Section 2254 petition, or (2) a notice stating that no amended petition will be filed within **60 days from designation of counsel.**

6. The Office of Criminal Appeals shall file an Answer within **60 days** from the date of service of an amended petition or notice that no amended petition will be filed. Under Rule 5(b) of the Rules Governing Section 2254, the Answer should address the allegations of the Petition, and, in addition, state whether any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. The Office of Criminal Appeals must also supplement the Answer with appropriate copies of transcripts, affidavits, and a memorandum of points and authorities material to the issues raised.[7]

7. Counsel for Petitioner may file a reply to the Answer within **21 days** of service of the Respondent's Answer.

8. There shall be no further briefing on the petition unless ordered by the Court.

9. The Court may hold an evidentiary hearing on its own motion, or on the motion of a party. Either party may make a motion for an evidentiary hearing **within 30 days** after the date the Respondent files a response. A motion for an

---

[7] Rule 5(c), Rules Governing Section 2254 and 2255 Cases.

evidentiary hearing must contain a clear and concise statement of the necessity of the hearing, including why the evidence in the record is not sufficient.[8]

10. All future communication with the Court on behalf of Petitioner must only be made through filings by her attorney.

DATED this 6th day of October, 2023 at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[8] *See* District of Alaska Local Habeas Rule 8.1.

3:23-cv-00117-JMK, *Wilson v. Jones*
Order Appointing Counsel
Page 4 of 4
Case 3:23-cv-00117-JMK   Document 12   Filed 10/06/23   Page 4 of 4